Mike Vukovich, Appellee, v. Peter Sleboda, Appellant.

Gen. No. 8,459.

Opinion filed
April 14, 1931.

L. M. HARLAN and JESSE PEEBLES, for appellant.

W. J. McDONALD and JOHN P. MADDEN, for appellee.

MR. PRESIDING JUSTICE SHURTLEFF delivered the opinion of the court.

This is an action on the case to recover damages for a personal injury. Mike Vukovich is the plaintiff and appellee. Peter Sleboda is the defendant and appellant. The declaration contained two counts. These counts were substantially in the same language. They charged that appellant, Peter Sleboda, was the owner of and possessed of a certain automobile, which is described as being an "automobile truck.'" The declaration charged in substance that this car was purchased for the purposes of the family; that on an occasion in June, 1927, Mary Sleboda, a daughter of appellant and a member of his family, was driving this truck; that she carelessly manipulated it so that it was driven upon and against the appellee as he walked across a certain crossing in the village of White City, and that by striking appellee with the truck he was injured. The declaration was so framed

as to charge that the ownership and the circumstances brought the transaction within the provisions of the "family purpose" doctrine, as defined by the courts of this State. The second count, in much the same language as that used in the first one, alleged that Mary Sleboda was an agent of her father and that she was transacting business for him at the time of the injury.

There were two pleas; one was the general issue, followed by a special plea which denied that the vehicle in question was a "family purpose" car, but setting up the fact that it was a business automobile, purchased for business purposes and used in that capacity. Motions for peremptory instructions were made at the conclusion of the plaintiff's evidence and renewed at the termination of all of the evidence, and these motions were denied.

There was a verdict and judgment for appellee in the sum of $5,000 and appellant has appealed.

The facts, briefly stated, are that appellant carried on a restaurant business in a business house on Front Street, in the village of White City. He had done this for a long time. He lived on another street. He had two automobiles. One was a pleasure car, an Auburn six, and the other was the Ford truck in question. The Auburn car was a family purpose car. The truck stood in a lot alongside of the business house and was used to haul ice and merchandise. Mary Sleboda, at the time of the accident, was about 19 years old. She lived at home with her parents. On the day the accident happened appellant was in St. Louis. A son of appellant was running the business that day. At about six o'clock in the evening Mary walked from the Sleboda home and took her brother's supper to him at the business house. After delivering the food Mary went out upon the street of the village. The truck stood in its accustomed place in the lot adjacent

to the business house. With no consultation with any person, and no knowledge on the part of any other member of the family, she decided to take the car home and put it in the garage for the night. She walked out to the truck, got up on the driver's seat, drove it out of the lot upon the village street, turned it north and drove it north on the east side of the street until she reached the next street corner north from where she started. There she turned the car across the street to go west, which was her direction to go home, and as she crossed the crossing on the west side of this village street, which ran north and south, she struck appellee, who was walking north across that crossing on the west side of the street. Appellee was dragged by the car and seriously injured. Mary Sleboda had driven this car at other times for her own pleasure and with the knowledge of her father.

This case on the facts is very close on the question as to whether, at the time of the accident, Mary Sleboda, the daughter, was engaged on a mission for her father and whether the father, appellant, was liable. The jury should have been accurately instructed upon that question. At the request of appellee the court gave the following instruction: "The court instructs the jury that, as a matter of law, it makes no difference whether or not the daughter of the defendant had attained or passed the age of her legal majority, if you believe from the preponderance of the evidence that at the time of the injury complained of in the declaration in this case, she was residing in the household of the defendant as a member of his family, and was operating the automobile or automobile truck in question, for the use, pleasure, comfort or entertainment of herself or members of the family of the defendant, and while so operating the said automobile or automobile truck, so negligently controlled or managed the said automobile or automobile truck, that the plaintiff

was injured thereby while in the exercise of due care and caution for his own safety.''

This instruction does not state the law correctly. If Mary Sleboda, although a member of her father's family, was driving the car for her own pleasure and not on any errand or mission for her parent, the parent is not liable.

In *White v. Seitz,* 342 Ill. 266, 271, the court held: ''These three are the cases which announce the law in this State, and they establish these propositions: That a parent is not liable for the tort of his minor child merely from the relation; that the owner of an automobile who merely permits another to use it for his own purposes is not liable for the negligence of the person so using it; that the owner of an automobile is not liable for an injury occasioned by the negligent use of the machine by his servant if the servant was at the time at liberty from the service of his master and not engaged in doing his master's business but was pursuing his own interests exclusively; and that the relation of master and servant is not established between the owner of an automobile and his minor son by the mere fact that the father purchased the machine for the pleasure of the family and that he permitted his son to use it for his own pleasure.''

For the error pointed out, the judgment of the circuit court of Macoupin county is reversed and the cause remanded.

*Reversed and remanded.*